United States District Court
Southern District of Texas
ENTERED
October 25, 2019
David J. Bradley, Clerk

Suzanne Rothman, §
 §
            Plaintiff, §
 §
versus §            Civil Action H-19-2166
 §
Cypress-Fairbanks Independent §
School District, §
 §
            Defendant. §

# Opinion on Dismissal

1. *Introduction.*

Suzanne Rothman taught English for Cypress-Fairbanks Independent School District starting in 2010. She worked at a campus for children with disciplinary problems. In 2018, Rothman resigned her position. She claims that the school district discriminated against her age, disability, ethnicity, and gender; violated her rights to substantive and procedural due process, equal protection, and free speech; violated her rights under the FMLA; and retaliated against her to create a hostile work environment.

Rothman's discrimination claims under the ADEA, ADA, and Title VII are time-barred because she did not file this suit within ninety days of receiving her right-to-sue letter. While Rothman's complaint criticizes the way the District ran the school, she does not supply facts that support a violation of *her* rights that could predicate legal action.

2. *ADEA, ADA, and Title VII Claims.*

The EEOC issued Rothman a right-to-sue letter on December 21, 2018. Rothman was required to sue the District within ninety days of receiving her letter. Rothman sued the District on March 19, 2019; she voluntarily dismissed that suit and filed this suit on June 14, 2019. Rothman argues that filing the first suit tolled the time she had to bring this suit. It did not.

Voluntarily dismissing a lawsuit does not toll the running of the limitations period. When she dismissed the first suit, Rothman was put in the position as if it had never been filed. She filed this suit 175 days after receiving her right-to-sue letter, well past the 90-days she had. Her claims under the ADA, ADEA, and Title VII will be dismissed because they are time-barred.

3. *Constitutional Claims.*

Rothman claims the District violated her due process, equal protection, and free speech rights under the United States and Texas Constitutions and under Section 1983 of the United States Code. The facts Rothman pleaded do not support these claims.

In her fifty-page complaint against the District, Rothman lists a plethora of complaints about how the school is run. None evinces a violation of *her* rights. As support for her first amendment claim, Rothman complains that the principal referred to some other staff members as "you people" and told them to look for a job elsewhere if they were disgruntled with the administration. These statements are not violations of Rothman's right to free speech. Likewise, her claims that the administration stalked her, accused her of bad performance, or threatened to terminate her do not violate her rights to due process or equal protection. Rothman pleaded no fact that shows a violation of her Constitutional rights as a result of the District's decisions or comments.

Rothman disagreed with the actions of the administration and disliked her working there; those are not violations of her rights. Rothman's claims under the Texas and United States Constitutions will be dismissed.

4. *FMLA and §504 Claims.*

Rothman says the District interfered with her rights under the FMLA and discriminated against her because of her disability. To recover for this claim, (a) she must show she has a statutory disability, (b) she was qualified for her job, and (c) either that the District interfered with her rights under the FMLA or acted in a materially adverse manner to her because of her disability.

Rothman claims that the District delayed the approval of her FMLA – she supplies no evidence of a delay. She complains that it told the other staff that she would be out on leave indefinitely – saying that someone has taken leave does not violate the FMLA.

Rothman pleaded no fact that shows the District discriminated against her because of her disability. She claims that the District knew her back was damaged and moved her classroom to require her to walk farther down the hall to retaliate against her. No evidence shows that she had a qualifying disability or that the District moving her classroom was related to it.

Rothman's claims under the FMLA will be dismissed because she states no act by the District for which she can recover.

5. Conclusion.

Suzanne Rothman asks this court to compensate her for a period of contentious work and to punish the District for their decisions with which she does not agree. The law does not allow that. Rothman's discrimination claims are time-barred, and none of the examples supplied by Rothman of the actions by the district, administration, or staff evinces a violation of her rights under the Constitution or the FMLA.

Rothman will take nothing from the District.

Signed on October 25, 2019, at Houston, Texas.

Lynn N. Hughes
United States District Judge